UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL KILARSKI, ) | |
| ) | |
| Appellant, ) | Case No. 2:10-cv-1915-RLH-RJJ |
| ) | |
| vs. ) | W0930786 / N21 |
| ) | |
| UNITED STATES OF AMERICA, ) | **O P I N I O N** |
| ) | |
| Respondent. ) | |

Appellant (Defendant below) Michael Kilarski, appeals the Petty Offense Trial Verdict entered by U.S. Magistrate Judge Peggy A. Leen's in Case/Cit(s) #W0930785 - 786/N21. This Court affirms.

This appeal, taken pursuant to 18 U.S.C. §3402 and Local Rule LR IB 3-3, was timely filed and timely briefed. The Court has considered the matter *de novo*, (*see United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007) including a review of the oral recording of the transcript of the trial. The Court finds no error in the conduct of the trial, in the Magistrate Judge's rulings, or in the verdict/judgment.

Appellant charges error in the Court's finding that he was on the Ash Meadows Wildlife Refuge based upon the testimony of the game warden, Officer Shane A. Nalen, even though Nalen could not state the latitude and longitude where Appellant was located. It is not error to accept the testimony of an officer based upon his education, experience and familiarity with the area and the boundaries of the Wildlife Refuge, even without his knowing the latitude and longitude of a specific position.

        Appellant argues that there was no evidence that the footprints Officer Nalen followed were his. That argument is incorrect. The officer followed the footprints from Kilarski's vehicle to Kilarski himself and compared them to the footprints made by Kilarski when everyone returned to the vehicle. That evidence is sufficient to establish that the footprints were those of Kilarski. Casts or impressions are not necessary to establish the fact and there was no contradictory evidence presented.

        Kilarski argues that he did not respond to the officer's questions as testified to by Officer Nalen. Although Kilarski declined to testify under oath, he argued that the conversation was different from the officer's testimony. Judge Leen reminded Kilarski that he did not testify, so there was no contradictory evidence on the record. However, she also expressed her opinion that Kilarski was not truthful and explained, on the record during her sentencing, why she did not believe his unsworn representations. The Magistrate Judge had an opportunity not only to hear the comments of Kilarski and the testimony of Officer Nalen, but she was able to observe their demeanor. This Court will defer to her judgment as to the credibility of the officer and the Appellant and finds no error in her judgment. This deference would apply even had there been conflicting testimony on the issues presented. Here, there was no conflicting testimony, only the unsworn arguments of Appellant Kilarski.

        The Magistrate Judge acquitted Kilarski of the citation for "Unauthorized search for and removal of valuable objects." The acquittal was the result of her refusal to admit a hearsay report on the value of the arrowheads and other items collected. That decision was to Kilarski's benefit and protected his constitutional rights. She found him guilty of "Interfering with persons engaging in authorized activity." The Court finds no error by the Magistrate Judge.

        THE VERDICT IS AFFIRMED.

        Dated: January 27, 2011.

_____
Roger L. Hunt
Chief United States District Judge